53 F.3d 347
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Elijah L. LAW, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7007.
 United States Court of Appeals, Federal Circuit.
 April 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Elijah L. Law's appeal for lack of jurisdiction. Law submits a response.*
 
 
 2
 In 1988, Law filed a claim for entitlement to service connection for myocardial infarction as secondary to a service-connected anxiety reaction. The Board of Veterans Appeals concluded that Law did not demonstrate an etiological relationship between the anxiety reaction and his myocardial infarction. The Court of Veterans Appeals summarily affirmed the Board's decision, finding that there was a plausible basis in the record for the factual findings of the Board.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Law argues that his personal physician's statements should have been given more weight and that the statements of the physician appointed by the Board should have been given less weight. However, Law does not argue that the Court of Veterans Appeals misinterpreted a statute, regulation or constitutional provision. As this court has no jurisdiction to conduct the inquiry that Law seeks, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 Law states that he does not understand why the Secretary filed a motion to dismiss instead of a brief. As explained more fully in this order, this court does not have jurisdiction to review all appeals from the Court of Veterans Appeals